**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Xuan Marshbanks,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-25-00279-PHX-KML<br><br>**ORDER** |

Magistrate Judge Alison S. Bachus issued a Report and Recommendation ("R&R") concluding the Administrative Law Judge made harmful errors and this case should be remanded for additional proceedings. (Doc. 20.) Plaintiff Bobby Xuan Marshbanks filed objections agreeing there were harmful errors but argues "remand for calculation of disability benefits" is the appropriate remedy. (Doc. 21 at 5.) The commissioner responded to those objections by arguing the R&R correctly recommends remand for further proceedings. Having reviewed the issue de novo, remand for further proceedings is appropriate.

"An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). When determining whether to remand or award benefits the Ninth Circuit requires a "three-part analysis." *Id.* at 1045. A court must first "ask whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* (simplified). Second, a court

"determine[s] whether there are outstanding issues that must be resolved before a disability determination can be made, . . . and whether further administrative proceedings would be useful." *Id.* And third, a court "credit[s] the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability." *Id.* When this three-part analysis is satisfied, a remand for calculation of benefits is permissible. But even if permissible, "it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Id.* Marshbanks has not established the present case qualifies as the "rare" case meriting an immediate award of benefits.

Marshanks's "appeal is based on claims for the closed period of disability from August 14, 2020 to July 1, 2023." (Doc. 21 at 2.) As explained in the R&R, the ALJ erred by not providing sufficient explanations for rejecting Marshbanks's testimony and in ruling without meaningful explanation that Dr. Sullivan's opinion was only partially persuasive. These undisputed errors satisfy the first part of the "three-part analysis" allowing for an immediate award of benefits. But the second part of that analysis is where Marshbanks's argument fails.

Remand for benefits is not appropriate if further administrative proceedings would be useful. In this case, further proceedings would be. As noted by the R&R, "it is difficult to determine" the precise basis for the ALJ's partial rejection of Marshbanks's testimony. (Doc. 20 at 10.) In discounting Marshbanks's testimony, the ALJ cited to numerous medical records that might be read to conflict with that testimony. For example, a January 2021 medical record indicates Marshbanks reported "dramatic improvement with migraine frequency." (Doc. 13-3 at 36.) Marshbanks argues that record must be read in context to mean Marshbanks reported a dramatic improvement from "*daily* severe headaches" to "headaches one to two times per week," which allegedly still qualified as "work-preclusive." (Doc. 21 at 6.) But the proper interpretation of Marshbanks's testimony is a matter for the ALJ in the first instance. That is particularly true where some of the medical records cited by the ALJ significantly undercut Marshbanks's testimony. (Doc. 15-6 at 11

(medication "aborted his migraines effectively"); Doc. 15-6 at 8 ("migranes [sic] have been under controlled [sic]").) Additional proceedings would be useful.

Similarly, it is undisputed the ALJ did not provide a sufficient analysis explaining why Dr. Sullivan's opinions were deemed only "partially persuasive." (Doc. 13-3 at 37.) Dr. Sullivan stated Marshbanks could not speak, hear, see, think, interact with others, learn, concentrate, perform manual tasks, sleep, communicate, read, or work any job. (Doc. 14 at 3.) But the agency consultants did not agree with that level of limitations. (Doc. 13-4 at 4-14, 35.) Additional proceedings would be useful for the ALJ to analyze the medical opinions together and provide analysis why the limitations from Dr. Sullivan were rejected.

**IT IS ORDERED** the Report and Recommendation (Doc. 20) is **ADOPTED**.

**IT IS FURTHER ORDERED** vacating the February 22, 2024, decision of the ALJ and remanding for further administrative proceedings.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter final judgment consistent with this order and close this case.

Dated this 19th day of September, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge